UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Howard Jackson,                                   File No. 20-cv-79 (ECT/ECW)

    Plaintiff,

v.                                                **OPINION AND ORDER**

Marathon Corporation,

    Defendant.

---

Howard Jackson, *pro se*.

Emily A. McNee and Marko J. Mrkonich, Littler Mendelson, PC, Minneapolis, MN, for Defendant Marathon Corporation.

---

    Pro se Plaintiff Howard Jackson filed this suit against his former employer, Northern Tier Retail, LLC (doing business as "Speedway" gas station and convenience stores)[1], in Minnesota state court. Jackson alleges that Speedway fired him on the basis of his race and in retaliation for reporting his coworkers' misconduct. Speedway removed the case to federal court and seeks the dismissal of Jackson's complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Speedway's Rule 12(b)(5) motion will be granted because Jackson has not properly served Speedway with process.

---

[1]     Jackson improperly named Defendant as "Marathon Corporation" in the Complaint. Def.'s Mem. in Supp. 1 [ECF No. 8].

Jackson's handwritten complaint [ECF No. 1-1], accompanied by several pages of notes that may be intended to be part of his complaint, is difficult to follow. Jackson alleges that he began working as a cashier at a St. Paul Speedway store on November 7, 2019. Compl. ¶ 1. On December 14, he received "a verbal writ[e] up" from the "Store Manager Tracy." *Id.* ¶ 2. This written action apparently was related to an incident with a "wet floor," and Jackson using inappropriate language toward a coworker and/or the manager, Tracy. *Id.* ¶ 3. Jackson was told to leave the store, but before he left, he called "Jesse . . . in [the] back office" to say that he "didn't like [being] written up," and that they "need[ed] to talk about the illegal things and misconduct[] going on with Tracy" and two other coworkers, "Maria" and "Carl." *Id.* ¶ 4. Jackson states he was "removed" from the work schedule on December 15. *Id.* ¶ 2. On December 16, Jackson met with Jesse and was fired. *Id.* ¶ 5.

Two days later, on December 18, two unidentified men visited a Speedway office located in Woodbury, Minnesota, and rang the bell at the office's locked front door. McNee Decl. Ex. A ("Terhell Decl."), ¶ 2 [ECF No. 9 at 3]. Travis Terhell, an employee in Speedway's Information Technology group, answered the door with his coworker, Boyice Williams. *Id.* ¶¶ 1–2. The men who rang the bell "indicated they wanted to serve papers." *Id.* ¶ 2. Mr. Terhell and Mr. Williams explained that they could not accept the papers and did not take them. *Id.* Instead, the two unidentified men left the papers, entitled "Summons" and "Complaint," on a desk. *Id.*

On December 23, Jackson filed this lawsuit in the district court for Dakota County, Minnesota. Compl. at 1. Speedway notes that the complaint Jackson filed in Dakota

County District Court differs from the papers left at its Woodbury office. McNee Decl. ¶ 3 [ECF No. 9]; *see id.* Ex. B [ECF No. 9 at 5–27]. Speedway obtained a copy of the filed complaint "from the court docket." Def.'s Mem. in Supp. 2 [ECF No. 8]. Speedway removed the case to federal court on January 7, 2020. Notice of Removal [ECF No. 1].

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).

A defendant may move to dismiss a complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "The standard of review for a 12(b)(5) motion to dismiss is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction." *Disability Support All. v. Billman*, No. 15-cv-3649 (JRT/SER), 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (citation omitted). To survive a motion to dismiss for insufficient service, "a plaintiff must plead sufficient facts to support a reasonable inference that the defendant" was properly served. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quotation omitted). Where, as here, the parties submit affidavits and evidence "to bolster their positions," the "motion is in

substance one for summary judgment." *Id.* "At the motion stage, the action should not be dismissed for lack of [proper service] if the evidence, viewed in the light most favorable to [the plaintiff], is sufficient to support a conclusion that" service was proper. *Id.*

When a case is removed to federal court and the pre-removal, state-court service of process is challenged, the federal court must determine the sufficiency of service based on the state law of the jurisdiction in which the case was filed—here, Minnesota. *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003). The Minnesota Rules of Civil Procedure require service "[u]pon a domestic or foreign corporation" be made "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c). Two factors generally determine whether an individual is a "managing agent": "(1) does the individual have the power to exercise independent judgment and discretion to promote the business of the corporation; or (2) is the individual's position of sufficient rank or character to make it reasonably certain the corporation would be apprised of the service." *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997). "Statutory provisions for service of notice must be strictly followed in order for a court to acquire jurisdiction." *In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 477 (Minn. 2013). "Service of process in a manner not authorized by the rule is ineffective service." *Tullis*, 570 N.W.2d at 311. Even "actual notice of the lawsuit will not subject defendants to personal jurisdiction without substantial compliance with Rule 4.03." *Id.* (citing *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988)). Further, the Minnesota Supreme Court has clarified that "Rule 4.03 mandates strict

4

compliance with its terms." *Jaeger v. Palladium Holdings, LLC*, 884 N.W.2d 601, 609 (Minn. 2016) (Stras, J.) (explaining that statement regarding "substantial compliance" with Rule 4.03 in *Thiele*, 425 N.W.2d at 584, "was largely descriptive, not prescriptive").

Here, Jackson did not serve the Complaint in compliance with Minnesota law. Neither of the two Speedway employees present at its Woodbury office on December 18, 2019, was "an officer or managing agent" of the company. Terhell Decl. ¶ 3; *see Tullis*, 570 N.W.2d at 311. And neither employee was "authorized expressly or impliedly or designated by statute to receive service of summons" on behalf of Speedway. Terhell Decl. ¶ 3; Minn. R. Civ. P. 4.03(c). In fact, the employees "explained that [they] could not take the papers" when the two unidentified men "indicated they wanted to serve papers." Terhell Decl. ¶ 2. Jackson has not presented any evidence, or pleaded any facts, that would support the conclusion that leaving a copy of a summons and complaint (let alone copies that differ from those actually filed) with two non-managerial employees at a satellite office location is proper service under Minnesota law. *See, e.g.*, *Tullis*, 570 N.W.2d at 312–13 (holding that service upon occupational therapist who was former executive director of therapy center was ineffective because therapist was not a "managing agent" nor did he have implied authority to accept service); *Larson v. New Richland Care Ctr.*, 520 N.W.2d 480, 482 (Minn. Ct. App. 1994) (finding that service upon administrative assistant was ineffective despite assistant's statement that she had authority to accept service). While mindful of the fact that Jackson, "as a *pro se* litigant . . . is entitled to certain leniencies in the prosecution of his case," *Semler v. Klang*, 603 F. Supp. 2d 1211, 1227 (D. Minn. 2009), and that he may "not fully appreciate the procedural requirements of bringing a lawsuit,"

*Hinz v. Wash. Mut. Home Loans*, No. 03-cv-3203 (DWF/JGL), 2004 WL 729239, at *2 (D. Minn. Apr. 2, 2004), the requirements of proper service under Minnesota law cannot be ignored. *See also Redding v. Hanlon*, No. 06-cv-4575 (DWF/RLE), 2008 WL 762078, at *7 (D. Minn. Mar. 19, 2008) ("[Plaintiff]'s status as a *pro se* litigant, along with his good faith attempt to comply with the Rules, will not excuse him from adhering to the procedural requirements for service of process."). Accordingly, under Minnesota law, service in this case was ineffective and personal jurisdiction over Speedway is lacking. For that reason, Speedway's motion will be granted and the Complaint will be dismissed without prejudice.

## ORDER

Based upon all the files, records, and proceedings in this case, **IT IS ORDERED** that:

1. Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED**.

2. Plaintiff's Complaint [ECF No. 1-1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 22, 2020          s/ Eric C. Tostrud
                               Eric C. Tostrud
                               United States District Court